**John W. EMERSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8707–CR–709.

Supreme Court of Indiana.

June 15, 1988.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Sr., Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Battery, a Class C felony, for which he received a sentence of five (5) years enhanced by thirty (30) years by reason of his habitual offender status, and Battery, a Class B misdemeanor, for which he received a sentence of six months, the sentences to run concurrently.

The facts are: On July 25, 1986, Robert W. Brown was sitting on a bench in Douglas Park, in Indianapolis, playing cards

when appellant's codefendant, Derrick Jones, grabbed him from behind by the neck, pulled him off the bench, and started beating him in the face with his fists. During the beating, which lasted about two minutes, Brown's glasses were broken and he was dazed. When Brown got to his feet, he saw appellant and his two codefendants beating his son, Lynn Brown, with sticks while he was lying on the ground. When Robert Brown started toward his son, the three men stopped beating the son and ran across the park. The son testified that as he started to his father's rescue, the three men jumped on him. Henry Emerson and appellant beat him with sticks and Jones hit him with a knife just as he was getting up.

Appellant claims the trial court erred by allowing the prosecutor to comment on appellant's failure to testify and to present a defense. During final argument, the prosecutor stated:

"It's true the Defendants have no burden whatsoever. They don't have to put on a case at all. None of the Defendants have to testify, and you can't hold that against them. On the other hand, all the Defendants have the right of subpoena power, same as the State of Indiana. They have the same subpoena power to subpoena a doctor in here as the State of Indiana does."

Appellant's objection to this statement by the prosecutor was overruled by the court. At a later point in his argument, the prosecutor stated:

"There's been absolutely no evidence of self-defense—"

■ As to the first statement made by the prosecuting attorney, appellant's counsel in closing argument had stated that the State failed to produce a doctor to testify that the victim's wound was a knife wound. The State concedes that the response of the prosecutor was possibly improper; the State takes the position, however, that the comment of the prosecuting attorney did not rise to the level of reversible error. With this, we agree. The prosecutor did not elaborate on the statement in any attempt to place the responsibility of going

forward with the evidence on the defense. When one considers the strong uncontradicted evidence of appellant's guilt, it can hardly be said that the comment of the prosecutor rises to the stature of reversible error.

■ As to the prosecutor's comment that there had been no self-defense, this was a fair comment in view of the fact that in his opening statement defense counsel had stated to the jury that there would be evidence of self-defense. Also, during the *voir dire* examination of potential jurors, defense counsel questioned them at length on their views of self-defense and repeatedly stressed that self-defense would be an issue in the case. However, throughout the entire case there was no attempt on the part of any of the appellants to raise the issue of self-defense. Thus, it was fair comment for the prosecutor to call this to the attention of the jury. This did not constitute a comment upon their failure to testify. *Denes v. State* (1987), Ind., 508 N.E.2d 6.

Appellant claims the trial court erred in sustaining the State's motion in limine excluding evidence of prior fights in which the prosecuting witness was involved. Appellant argues that in view of the fact the court allowed defense counsel to cross-examine the victim about his previous involvement in a "knife fight" with codefendants Jones and Henry Emerson, the court erred in not permitting the defense to elicit testimony pertaining to "other knife fights" which did not involve either codefendant Jones or codefendant Henry Emerson.

■ In his brief, appellant only refers us to the ruling of the court on the motion in limine. He does not cite us to any page in the transcript where such a questioning was attempted at trial nor do we find such attempted questioning by an independent search of the transcript. A denial of a motion in limine is not a final ruling on the admission of evidence. The objection to the granting of the motion fails to preserve error for appellate review. *Tyra v. State* (1987), Ind., 506 N.E.2d 1100. We thus

find no reversible error in this record on this subject.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.