**Steven W. PIRNAT, Appellant (Defendant Below),**

**v.**

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 82S01–9210–CR–837.**

Supreme Court of Indiana.

Feb. 2, 1993.

David M. Shaw, Evansville, for appellant.

Pamela Carter, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING

PER CURIAM.

The State has petitioned for rehearing after our granting of appellant's petition to transfer in *Pirnat v. State* (1992), Ind., 600 N.E.2d 1342. We write today to clarify our brief opinion in that case.

*Pirnat* was decided on the same day as *Lannan v. State* (1992), 600 N.E.2d 1334. In *Lannan,* we revisited the depraved sexual instinct exception and announced a new rule concerning the admissibility of prior bad acts in sex offense cases. *Pirnat's* petition raised a similar challenge to the use of depraved sexual instinct evidence. In accepting Pirnat's transfer petition, we wrote: "Inasmuch as Pirnat's *appeal* is currently pending as this new rule is announced, the rule of *Lannan* should be applied to his case." *Pirnat,* 600 N.E.2d at 1342 (emphasis added). We remanded to the Court of Appeals for reexamination of Pirnat's appeal in light of our holding in *Lannan.*

The State's petition for rehearing raises several arguments about the merits of Pirnat's appeal which can be addressed to the Court of Appeals on remand. The main thrust of the petition, however, that application of the rule of Lannan "will have a devastating effect on the administration of justice," [1] appears to be based on an assumption by the State that *Lannan* will be applied retroactively to cases on *collateral review,* i.e., petitions for post-conviction relief, thereby resurrecting perhaps thousands of child molesting cases long since

---

1. Appellee's Brief at 4.

prosecuted and affirmed. We are not inclined to agree.

Pirnat and others whose cases properly preserved the issue and whose cases were pending on direct appeal at the time *Lannan* was decided receive the benefit of review under the new rule for the basic reason that they ought not be penalized merely because we chose another pending case as the vehicle for announcing the change of an evidentiary rule. We doubt *Lannan* will qualify for retroactive application to cases on collateral review,[2] but reserve that question for another day.

Petition for rehearing is denied.

All Justices concur.

---

**2.** *See Daniels v. State* (1990), Ind., 561 N.E.2d 487, 488; *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334; *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649.