**Michael D. CLAUSEN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 76S03–9310–CR–1172.**

Supreme Court of Indiana.

Oct. 26, 1993.

Latrialle Wheat, Wheat and Stout, Angola, for appellant.

Pamela Carter, Atty. Gen. of Indiana, Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

Michael D. Clausen (Defendant–Appellant) was found guilty by jury on two counts of child molesting, class B felonies, *Ind.Code Ann.* § 35–42–4–3(a) (West 1986). He received a sentence of eight years on each count to be served concurrently, with two years on each count suspended with probation. The Court of Appeals affirmed the convictions. *Clausen v. State* (1993), Ind.App., 612 N.E.2d 147. In his petition to transfer, Clausen raises the following issues which we restate as:

(1) Whether the trial court erred in admitting evidence of Clausen's prior acts of sexual misconduct; and

(2) Whether the trial court erred in ordering Clausen to make restitution to the victim by paying for her counselling sessions.

The events which form the basis of the charges against Clausen occurred while S.E., an eleven-year-old child, lived with her grandmother, mother, siblings, and Clausen, who is her step-father, in her grandmother's house. On April 19, 1987, as S.E. prepared for bed, Clausen came into her room, removed his clothes and began kissing her. Clausen then removed S.E.'s clothes and forced her to perform and to submit to oral sex.

Before trial, Clausen filed a motion in limine which would have required the State to refrain from mentioning any prior acts of sexual misconduct by Clausen. The motion was denied.

At trial, S.E. testified in detail to the acts which occurred the night of April 19, 1987. S.E. also testified about other acts of sexual misconduct involving Clausen which occurred while S.E. was between the ages of eight and twelve. In addition, Clausen's thirty-six year old adopted daughter, R.R., testified that, from the age of five or six until the age of ten or twelve, Clausen had fondled her on numerous occasions while

she was in bed. Clausen admitted at trial to one incident of sexual misconduct with R.R., but denied touching S.E. in any sexual way.

Clausen did not object at trial to R.R.'s testimony. The day of the sentencing hearing, Clausen filed a motion to reopen the record for the purpose of inserting an objection to precede R.R.'s testimony. The trial court granted the motion and placed the following in the record immediately preceding R.R.'s testimony:

Upon motion of Defendant made and filed at sentencing hearing and granted by the Court, the following objection is inserted in the record in order to preserve appeal on an issue raised by Defendant by Motion in Limine.

### "OBJECTION"

THE DEFENDANT: The defense objects to the testimony of this witness for all of the reasons specified in the Motion in Limine previously filed.

THE COURT: Objection overruled. The witness may testify.

The Court of Appeals affirmed the convictions after determining that Clausen waived any error for appellate review regarding the testimony of R.R. because he failed to make a timely objection at trial. In his petition to transfer, Clausen asserts that because the trial court granted his motion and inserted the objection into the record, the error was preserved for appeal.

Clausen supports his position with *Walker v. State* (1992), Ind., 587 N.E.2d 675. In *Walker*, after both parties had rested, defense counsel received a telephone call from a potential witness who would have testified in an attempt to impeach one of the State's witnesses. The trial court refused to reopen the case. This Court held that the determination of whether to reopen a case for additional evidence rests within the sound discretion of the trial court and the ruling will be reversed only if it was unreasonable in light of the surrounding circumstances. *Id.* at 677. Thus, defense counsel intended to present a witness of which counsel was not aware dur-

ing the trial. Here, in contrast, Clausen was aware that the evidence of his prior sexual misconduct would be presented, realized "almost immediately that I had not [made the objection]" but failed to correct the error at that time. The granting of a motion to reopen a case is intended to allow the introduction of additional evidence. On the other hand, an objection to the admission of testimony is not evidence, but rather a means of protecting and creating the record. Therefore, the holding of *Walker* does not control.

This Court has consistently held that in order to preserve error in the overruling of a pre-trial motion in limine, the appealing party also must have objected to the admission of the evidence at the time it was offered. *Conner v. State* (1991), Ind., 580 N.E.2d 214, 220, *cert. denied* ——— U.S. ———, 112 S.Ct. 1501, 117 L.Ed.2d 640 (1992); *Emerson v. State* (1988), Ind., 524 N.E.2d 314, 315; *Waters v. State* (1981), 275 Ind. 182, 415 N.E.2d 711, 713. Failure to object at trial to the admission of the evidence results in waiver of the error. *Conner*, 580 N.E.2d at 220.

Clausen did not object before R.R. testified about the prior sexual misconduct. In fact, the record reveals that the only objection made by Clausen during R.R.'s testimony was an objection asserting that the answer to a question would be hearsay. The trial court sustained that objection. But, in regards to R.R.'s testimony of prior sexual misconduct by Clausen, at no time preceding or during the testimony of R.R. did Clausen object. Clausen's objection to R.R.'s testimony occurred subsequent to the trial by means of a motion filed on the day of the sentencing hearing.

A motion in limine is used as a protective order against prejudicial questions and statements being asked during trial. *Baker v. State* (1981), Ind., 425 N.E.2d 98, 101. The ruling does not determine the ultimate admissibility of the evidence; that determination is made by the trial court in the context of the trial itself. *Id.* at 101–102. Because the pre-trial denial of a motion in limine is a preliminary rul-

ing, this denial alone is insufficient to preserve error for an incorrect ruling on the motion. *Conner*, 580 N.E.2d at 220. By requiring that an objection be made during the trial at the time when the testimony is offered into evidence, the trial court is able to consider the evidence in the context in which it is being offered and is able to make a final determination on admissibility. The parties and trial court may not take it upon themselves to create a hypothetical record of what would have occurred had the appropriate objection been made at the appropriate time during the trial. By inserting the objection after the trial as a means of "cleaning-up" the record, the trial court is stripped of the opportunity to rule on the admissibility of the evidence in context. Additionally, on review, this Court will only examine what actually transpired at the trial. Consequently, a defendant is unable to resurrect an error once it is waived, even if the State acquiesces in the defendant's attempt to do so. Because Clausen failed to make a timely objection to the evidence at trial, he has waived the error on appellate review.

■ Additionally, Clausen challenged the admissibility of R.R.'s testimony regarding previous alleged sexual misconduct relying on *Lannan v. State* (1992), Ind., 600 N.E.2d 1334. However, in *Pirnat v. State* (1993), Ind., 607 N.E.2d 973, 974, we determined that only those cases pending on direct appeal *where the error had been preserved* would be reviewed under *Lannan*. Because Clausen failed to preserve the error, we need not address the issue.

■ The Court of Appeals also addressed Clausen's arguments that the trial court erred in ordering him to make restitution by paying the costs of S.E.'s counselling sessions. We have considered the arguments on this issue and conclude that the Court of Appeals correctly decided the issue. Therefore, pursuant to Indiana Appellate Rule 11(B)(3), we adopt and incorporate by reference that portion of the Court of Appeals opinion which addresses the restitution issue.

## Conclusion

Accordingly, we grant transfer, vacate the opinion of the Court of Appeals except as to the issue adopted and incorporated by reference, affirm the convictions and remand for a hearing on restitution.

SHEPARD, C.J., DeBRULER and GIVAN, JJ., concur.

DICKSON, J., dissents, with separate opinion.

DICKSON, Justice, dissenting.

Well before the commencement of trial, defense counsel filed a comprehensive motion *in limine* seeking the court to order the prosecutor to refrain, until a hearing could be held outside the presence of the jury, from mention of "[a]ny prior so-called 'bad acts' of the accused which might tend to show 'depraved sexual instinct.'" Record at 39. The defendant's motion sought reconsideration of the depraved sexual instinct rule and was supported by a detailed and thorough memorandum referring the trial court to various articles and treatises by social scientists, pursuant to the invitation in *Hogg v. State* (1991), Ind., 581 N.E.2d 430 (Dickson, J., concurring in the denial of transfer). Counsel also expressly called the trial court's attention to *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, which was then pending transfer to this Court and scheduled for oral argument:

> The Indiana Supreme Court has invited revisitation of the "depraved sexual instinct exception." [It is] scheduled to hear oral argument on the exception, directed toward whether the exception is based upon valid or invalid presumptions of human behavior. (See *Lannan v. State*, 71A03–9106–CR–163, scheduled for oral argument June 24, 1992.)

Record at 41. Consistent with then-existing precedent, however, the defendant's motion *in limine* was denied.

At trial, when the prosecutor presented the evidence at issue, the defendant's trial counsel failed to contemporaneously reassert her objection previously presented *in limine*. It is this oversight which the majority today finds determinative, providing

as its rationale that the trial court must be given an opportunity "to consider the evidence in the context in which it is offered" and "to make a final determination on admissibility."

Almost immediately realizing her omission, counsel at the commencement of the sentencing hearing filed a "Motion to Reopen Record for Correction" for the purpose of making the objection and obtaining a ruling. Record at 139–40. The trial court hearing on this motion included the following colloquy:

Court: I'll just state right off that *I'd like to figure out some way to allow, if Mr. Clausen intends to appeal, to allow this issue to be appealed.* It seems to me it would be silly to not allow it to be appealed and then somehow an appeal on effectiveness of counsel, which, if the issue in his favor would be granted, then we'd be back anyway.

[Prosecutor]: My only objection to the motion is that it contains language of ineffective assistance and I think Ms. Wagoner is very effective counsel and I can see the point we talked at length in chambers on her motion and I think she knew the Court's position and *I have no objection to the Court creating the record in such a fashion that was apparent to both counsel that the testimony would be allowed and that she had filed appropriate motions to attempt to exclude.*

Court: I think that that's the thrust of the motion.

[Prosecutor]: Yes

Court: If she'd just let the record show that the motion was made at trial also and overruled.

[Prosecutor]: Yes. *I have no objection to that.*

   *    *    *    *    *    *

Court: Well, I haven't researched it obviously but I sure don't know of a way to create a record, but at the same time, I'm just sure that [an] [a]ppellate [c]ourt would agree with my reasoning that it's silly not to allow that issue to be addressed in one appeal rather than potentially two.

[Defense Counsel]: Right. I think it's safe to say that had an objection been made, your ruling would have been consistent with the ruling on the issue *in limine.*

Court: Correct.

Record at 308–10 (emphasis added). Thus, defense counsel, with the complete agreement of the trial court and the prosecutor, unequivocally established in the Record that the trial judge, in the context of the evidence actually presented at trial, would have denied her objection.

Likewise, on appeal, the State did not present any claim of waiver for failure to make a contemporaneous objection. Rather, it proceeded to address on the merits the appropriateness of the admission of this evidence under *Lannan v. State* and *Pirnat v. State* (1993), Ind., 607 N.E.2d 973.

In summary, trial counsel *in limine* superbly presented and supported her argument concerning the depraved sexual instinct issue in anticipation of a possible favorable ruling by this Court in *Lannan,* which did thereafter occur.[1] Defense counsel presented verification by the trial judge that, if presented with the objection at trial, it would have been denied just as the court had denied the motion *in limine.* The trial prosecutor did not object but consented to the preservation of the issue for appeal, and the State asserted neither waiver nor procedural default on appeal.

We should require no more.

This Court has a strong and proud history of preferring to decide cases on substantive merit rather than useless procedural formalities. For example, Indiana Trial Rule 8(F) states: "All pleadings shall be so construed as to do substantial justice, lead to disposition on the merits, and avoid liti-

---

1. *Lannan* was decided October 16, 1992, two and one-half months after the defendant was sentenced in the present case.

gation of procedural points." Our precedents instruct that we look to substance and not form, *Mishawaka, St. Joseph Loan & Trust Co. v. Neu* (1935), 209 Ind. 433, 450, 196 N.E. 85, 92, and that we look beneath rigid rules to find substantial justice and prevent strict legal rules from working injustice. *Wabash Valley Coach Co. v. Turner* (1943), 221 Ind. 52, 65, 46 N.E.2d 212, 217, *cert. denied* (1943), 319 U.S. 754, 63 S.Ct. 1167, 87 L.Ed. 1707. The law does not require a party to do a useless act. *City of Evansville v. Maddox* (1939), 217 Ind. 39, 46, 25 N.E.2d 321, 323–24.

With today's decision, the majority applies an arbitrary and superficial technicality which fails to serve a purpose in this case. The reasons that support our requirement for contemporaneous objection were fully satisfied in the Record. It is agreed by both parties and the trial court that a contemporaneous reassertion of the objection made *in limine* would have been overruled. To apply the contemporaneous objection rule is to impose a purposeless procedural formality based on a fictitious rationale under the circumstances of this case. It is an offense to our obligation to justly decide cases on their merits.