69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John EMERSON, Petitioner-Appellant,
v.
Charles B. MILLER, Respondent-Appellee.
 No. 95-2699.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1995.[1]
Decided Oct. 27, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 John Emerson, a Indiana state prisoner, appeals from the district court's dismissal with prejudice of his petition for a writ of habeas corpus, 22 U.S.C. Sec. 2254. We affirm.
 
 
 2
 In 1987, a jury convicted Emerson of two counts of battery. After being declared an habitual offender, Emerson was sentenced to 35 1/2 years' imprisonment. The conviction and sentence was affirmed by the Supreme Court of Indiana. Emerson v. State, 524 N.E.2d 314 (Ind.1988). Emerson filed a pro se petition for post-conviction relief, and at a subsequent evidentiary hearing, he was represented by an attorney. The state court denied the petition for post-conviction relief, and Emerson's attorney filed an appeal with the Indiana Court of Appeals, raising one issue. The appellate court affirmed the denial of relief. Emerson v. State, No. 49A05-9404-PC-130 (Ind.App. Nov. 7, 1994) (unpublished order). The Indiana Supreme Court later denied a petition to transfer.
 
 
 3
 In February 1995, Emerson filed this habeas corpus petition, alleging that counsel failed to introduce testimony, physical evidence, or trial records as evidence in support of his post-conviction claims, which included the ineffective assistance of trial and appellate counsel. The district court denied the habeas corpus petition on the basis that Emerson had no constitutional right to counsel at a post-conviction proceeding. Emerson filed a timely notice of appeal, and the district court issued a certificate for probable cause.
 
 
 4
 On appeal, Emerson contends that the district court erred in denying the habeas corpus petition. He concedes that the Constitution does not guarantee a defendant a right to counsel in a post-conviction proceeding, and therefore no right to effective assistance of counsel exists in those proceedings. Coleman v. Thompson, 501 U.S. 722, 752-55 (1991); Pennsylvania v. Finley, 481 U.S. 551, 559 (1987); Lostutter v. Peters, 50 F.3d 392, 396 (7th Cir.1995).
 
 
 5
 Emerson argues, however, that this well-established rule does not apply to him because he was prejudiced by the ineffective assistance during both his direct appeal and his post-conviction proceedings.[2] This assertion cannot bring to life a constitutional right to counsel at post-conviction proceedings that the Supreme Court has steadfastly held does not exist. See Coleman v. Thompson, 501 U.S. at 752-53; McClesky v. Zant, 499 U.S. 467, 494 (1991); Murray v. Giarratano, 492 U.S. 1 (1989); Pennsylvania v. Finley, 481 U.S. at 559. The Constitution guarantees a criminal defendant the effective assistance of counsel only at trial and on direct appeal. Evitts v. Lucey, 469 U.S. 387, 396 (1984). Where there is no right to assistance of counsel, a claim of ineffective assistance of counsel cannot rise to the level of a constitutional violation and therefore is not cognizable under Sec. 2254. Wainright v. Torna, 455 U.S. 586, 587 (1982). The guarantee does not extend to representation in post-conviction proceedings at either the state or federal level. This is true even where petitioner alleges ineffective assistance of counsel at every step of the direct and collateral proceedings. See, e.g., Lostutter, 40 F.3d at 396 (holding that there is no constitutional right to post-conviction counsel even where petitioner alleges ineffective assistance of trial counsel, appellate counsel, state post-conviction counsel, and federal habeas corpus counsel).
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and the record
 
 
 [2]
 He was represented by different counsel at these two stages of the state proceedings