ATTORNEYS FOR APPELLANT ATTORNEYS FOR APPELLEE

Christopher A. Ramsey Jeffrey A. Modisett

Ramsey & Black Attorney General of Indiana

Vincennes, Indiana

Preston W. Black

Bryan A. Jewel Deputy Attorney General

Kirchoff & Jewel Indianapolis, IN

Vincennes, Indiana

IN THE

SUPREME COURT OF INDIANA

JEFFREY ALLEN WHIPPS, )

)

Appellant (Defendant Below), )

)

v. )  CAUSE NO. 42S00-9609-CR-623

)

STATE OF INDIANA, )

)

Appellee (Plaintiff Below). )

APPEAL FROM THE KNOX CIRCUIT COURT

The Honorable Murphy C. Land, Judge

Cause No. 42C01-9506-CF-034

SHEPARD, Chief Justice.

A jury found appellant Jeffrey A. Whipps guilty of murder;
(footnote: 1) arson, a class B felony;
(footnote: 2) and sexual misconduct with a minor, a class C felony.
(footnote: 3)  The trial court sentenced him to eighty-nine years in prison.  We affirm.

The evidence at trial tended to prove that Whipps left the residence of a friend at about 6 a.m. on June 17, 1995, and entered a home some 150 feet away where a young child and a fifteen-year-old babysitter were still asleep.  Whipps had sex with the babysitter, killed her with a stab wound to the center of her chest, and then set the house afire in two places.

The following day, the police called Whipps and said they would like to talk to him.  Two officers drove to the home where Whipps lived with his mother.  Whipps came out and sat in the back of the squad car.  In the course of this conversation, one of the officers noticed that Whipps’ left shoe had been burned.  He told Whipps he would like to sketch the sole of his shoe.  Whipps removed the shoe and handed it to the officer.  While sketching, the officer noticed what he thought was blood on the shoe.  He handed it to his superior officer.  After examining it, the senior officer stopped the interview and said it was time to read Whipps his 
Miranda
 rights.

There was a brief tug of war over the shoe, which the officers won.  Whipps proceeded to give a statement (the first of three denying involvement in the crime).  The police apparently did not arrest Whipps on this occasion, but they did keep his shoe.  After holding a hearing on Whipps' motion to suppress, the trial court permitted the State to offer the shoe as evidence during Whipps’ trial.

Whipps contends that the shoe should have been excluded as the product of a seizure that violated the Fourth Amendment.  He notes the absence of a warrant and contends his passing of the shoe was involuntary.

We test questions of voluntariness by reviewing the totality of the circumstances.  
Williams v. State
, 611 N.E.2d 649 (Ind. Ct. App. 1993), 
trans. denied
.  It is apparent that the trial court was justified in viewing the circumstances under which Whipps handed the officer his shoe as voluntary.  Having once received the shoe from suspect Whipps and having observed it was burned and possibly bloody, the officers were authorized to retain it.  They had obtained access to the shoe lawfully and its incriminating nature was immediately apparent.  These two facts authorized seizure of the shoe under the Fourth Amendment.  
Taylor v. State
, 659 N.E.2d 535, 538-39 (Ind. 1995).  It was properly admitted as evidence.

Whipps also claims error in permitting the child who was under charge of the babysitter to identify him in the courtroom.  Whipps did not object when the child identified him, however, and thus has not preserved this issue for appeal.  
Clausen v. State
, 622 N.E.2d 925 (Ind. 1993).

Accordingly, we affirm the judgment of the trial court.

Dickson, Sullivan, Selby, and Boehm, JJ., concur.

FOOTNOTES
1:
Ind. Code Ann. § 35-42-1-1 (West Supp. 1996).

2:
Ind. Code Ann. § 35-43-1-1(a) (West 1986).

3:
Ind. Code Ann. § 35-42-4-9(a) (West Supp. 1996).