*800 BOEHM, Justice,
dissenting.
I respectfully dissent from the majority’s conclusion that challenges to Dr. Na-mie’s testimony were not preserved for appeal. I also conclude that his testimony was inadmissible and prejudicial.
I agree with the majority that a pretrial motion alone is insufficient to preserve for appellate review a claim of error in admitting evidence. Slip op. at 7 (citations omitted). I also agree that to preserve a claimed error at trial, a party must “make a contemporaneous objection that is sufficiently specific to alert the trial judge fully of the legal issue.” Id. (citations and internal quotation omitted). I dissent because I believe Dr. Raess established that the trial court was alerted to the issue, and therefore the issue of admissibility of Dr. Namie’s testimony was preserved for appeal.
Dr. Raess, the defendant, filed a pretrial motion to exclude Dr. Namie’s testimony. In discovery, the plaintiff had described the subject of Dr. Namie’s anticipated testimony as
the phenomenon of psychological violence in the workplace, how certain organizational structures create a ‘culture’ wherein psychological violence can occur, and, based on data derived from thousands of case studies, the profile of those individuals prone to committing acts of psychological violence at work.
The defendant’s motion contended that the complaint alleged no claim for “workplace bullying,” and there is no such tort. Rather, the complaint alleged assault, intentional infliction of emotional distress, and tortious interference with a business relationship, all of which are recognized torts in Indiana law. The defendant argued that the “phenomenon of psychological violence in the workplace” is irrelevant to whether he committed any of these torts. The motion went on to point out that each of the various torts alleged in the complaint has a set of elements, none of which is “workplace bullying.”
The motion also contended that the proposed testimony met none of the criteria for admissibility under Evidence Rule 702. Specifically, the motion explained how Dr. Namie’s field of interest (1) “is not recognized in the Diagnostic and Statistical Manual of Mental Disorders ... published by the American Psychiatric Association”; (2) “is not based on objective principles, recognized by the scientific and/or mental health community”; and (3) “has never been subjected to peer review.” The defendant’s motion also contended that Dr. Namie admitted that “there is no legal definition of workplace bullying” and “there are no objective criteria” to determine whether someone has been bullied. The defendant’s motion also argued that Dr. Namie’s conclusions were based solely on what the plaintiff had told him, and that Dr. Namie had “performed no testing.” The conclusion of the motion was that Dr. Namie’s testimony is irrelevant or prejudicial. This motion was denied without explanation.
Subsequent motions in limine added the contention that labeling the defendant as a bully necessarily accused him of habitual abuse and therefore amounted to evidence of prior bad acts prohibited by Evidence Rule 404(b). These motions were granted in part, permitting Dr. Namie to testify, but ruling that “plaintiff may testify about what he heard from others about Dr. Raess incident prior to 11-2-01 but will not be considered for truth of matter asserted but why plaintiff may of reacted as he did on 11-2-01.” I take this as a ruling that the testimony was admissible as to the effect on the plaintiff, not the actions of the defendant.
*801 At trial, the defendant objected to virtually every question posed to Dr. Namie after preliminary matters. When Dr. Na-mie first used the phrase “phenomenon of workplace bullying,” the defendant interjected, “Your Honor,” and the trial court responded, “All right. We’re not going to talk about that. One more time and he’ll be leaving, all right, that’s stricken. You go over there and you instruct your witness as to my ruling.” The defendant later objected to the “entire line of questioning” on workplace bullying. The trial court clearly understood the grounds for these objections and its previous rulings on admissibility. The transcript of the sidebar that ensued seems to me to demonstrate that the trial court understood Dr. Namie’s testimony was to be in the nature of an explanation of the plaintiffs reaction to the incident. But Dr. Namie was clear that he was not a clinical diagnostician and did not offer any testimony as to the effect of a workplace incident on the plaintiff. Rather, he testified that the defendant, whom he had never met, was an “abuser.”
At the conclusion of Dr. Namie’s testimony, the trial court incorporated the defendant’s pretrial motions regarding Dr. Namie’s testimony “as arguments timely made.” The defendant’s objections and subsequent incorporation of pretrial motions were made at a time when the evidence was still open, providing the trial court the opportunity to reconsider its ruling in the context of trial. Cf. Clausen v. State, 622 N.E.2d 926, 928 (Ind.1993) (“By requiring that an objection be made during the trial at the time when the testimony is offered into evidence, the trial court is able to consider the evidence in the context in which it is being offered and is able to make a final determination on admissibility.”). Had the trial court not made this ruling, the defense could have moved to strike Dr. Namie’s testimony, citing the grounds in the motions. If this had been denied, the issue would have been preserved. In my view, the trial court’s ruling was therefore sufficient to preserve the issue for appeal. In any event, the trial court’s ruling in my view led the defendant to conclude that the issue was preserved, and that is enough for me.
I believe the defendant’s objections were well grounded. Evidence Rule 702 permits expert opinion testimony as to “scientific, technical, or other specialized knowledge” to “assist the trier of fact to understand the evidence or to determine a fact in issue.” Dr. Namie testified that in his opinion, the November 2, 2001 incident was “an episode of workplace bullying.” He also testified that “based on what I heard and what I read that Dan Raess is a workplace abuser, a person who subjected Mr. Doescher to an abusive work environment.” Nowhere, however, does Dr. Na-mie explain what a workplace bully is. Dr. Namie by his own testimony is not a clinical psychologist and is not qualified to testify as to how workplace bullying affected the plaintiff, and he did not testify on that subject. This is testimony characterizing an event, but offering no assistance to interpret or understand it. Without any context, the “workplace bullying” label is nothing more than highly prejudicial name-calling of no help to the jury.
The plaintiff argues that any error in admitting Dr. Namie’s testimony is harmless in light of later testimony by Dr. David Hartman that was admitted without objection. Harmless error is error that does not affect the substantial rights of a party given the error’s likely impact on the jury in light of other evidence presented at trial. Littler v. State, 871 N.E.2d 276, 278 (Ind.2007) (quoting Witte v. Mundy, 820 N.E.2d 128, 135 (Ind.2005)). Dr. Hartman, a clinical and forensic psychologist and neuropsychologist, testified that he examined the plaintiff and diagnosed him *802 with depression, post-traumatic stress disorder, and paranoid thinking, which he explained were
pretty typical for individuals who are bullied in the workplace, who are verbally assaulted in the workplace.... [I]t’s a consistent issue between Mr. Doescher and other individuals out there and it’s consistent with my own clinical experience of people who are aggressive or abusive in the workplace and the effects on other people in the workplace.
Dr. Hartman’s testimony was qualitatively different from Dr. Namie’s. Dr. Hartman did not label the defendant a “workplace abuser” or the incident as “an episode of workplace bullying.” Rather, Dr. Hartman’s testimony offers a conclusion as to the plaintiff — that his mental state is typical of someone who has been “verbally assaulted” in the workplace. A “verbal assault” is not a legal assault, placing the victim in fear, stressful as it may be. Dr. Namie’s labeling of the defendant amounted to purported expert testimony that the defendant had bullied the plaintiff. The erroneous admission of his testimony was therefore not harmless. I would remand for a new trial.