ATTORNEY FOR APPELLANT
David Becsey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

In the

### Indiana Supreme Court



FILED

Jun 27 2008, 1:06 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S04-0708-CR-310

DARIUS V. BOWLES,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G20-0303-FA-035854
The Honorable Michael Jensen, Commissioner

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-0605-CR-238

**June 27, 2008**

**Boehm, Justice.**

In June 2002, Marion County Sheriff's Department Detective Sergeant Garth Schwomeyer was told by a confidential informant that the informant had purchased cocaine from Bowles at Bowles's residence. The informant also took Schwomeyer past Bowles's residence. Schwomeyer had no history with the confidential informant to establish credibility. In the fall of 2002, after a controlled buy was cancelled because of unexplained "internal problems" within the Sheriff's Department, Schwomeyer continued surveillance of Bowles's residence. He observed no evidence of drug traffic and received no additional information from the informant.

On March 4, 2003, Schwomeyer picked up the trash set outside Bowles's residence, presumably for collection. A search of the trash revealed, inter alia, marijuana seeds and stems, and plastic baggies with cocaine residue. Based on this evidence, Schwomeyer obtained a search warrant for Bowles's residence and seized cocaine, marijuana, alprazolam, firearms, and $3280 in cash from Bowles's residence.

Bowles was charged with Class A felony dealing in cocaine, Class C felony possession of cocaine, Class C felony possession of cocaine and a firearm, Class D felony possession of a controlled substance, and Class A misdemeanor possession of marijuana. Bowles moved to suppress the evidence seized as a result of the searches of his trash and residence. The motions were denied. After the trial court denied Bowles's "Motion to Reconsider" the motion to suppress, the order was certified for interlocutory appeal. The Court of Appeals accepted jurisdiction and affirmed the trial court's order on January 14, 2005, holding that the search and seizure were lawful under the law as explained in Moran v. State, 644 N.E.2d 536 (Ind. 1994). Bowles v. State, 820 N.E.2d 739, 743–45 (Ind. Ct. App. 2005) ("Bowles I"). Bowles petitioned for transfer in Bowles I on February 11, 2005. On March 24, 2005, we decided Litchfield v. State, 824 N.E.2d 356 (Ind. 2005). Litchfield held that for a warrantless trash search to be reasonable, (1) the trash must be retrieved in substantially the same manner as the trash collector would take it, and (2) the police must possess an articulable individualized suspicion that the subject of the search was engaged in illegal activity. Id. at 363–64. One week later, we denied transfer in Bowles I. 831 N.E.2d 741 (Ind. 2005) (table).

After remand to the trial court, Bowles renewed his motion to suppress the evidence recovered from his residence, citing Litchfield. This motion was also denied, and after a bench trial Bowles was convicted of Class A felony dealing in cocaine, Class C felony possession of cocaine, Class D felony possession of a controlled substance, and Class A misdemeanor possession of marijuana.

The Court of Appeals affirmed. Bowles v. State, 867 N.E.2d 242, 252 (Ind. Ct. App. 2007). The Court of Appeals considered the propriety of the trash search and found that the issuance of a warrant to search Bowles's residence based on the trash contents was improper. Id. at 248. Despite the lack of evidence supporting the warrant, the Court of Appeals upheld the

warrant, finding a good faith exception to the exclusionary rule under the Indiana Constitution similar to that recognized under Fourth Amendment doctrine. Id. at 252. We granted transfer, thereby vacating that opinion. 878 N.E.2d 207 (Ind. 2007) (table).

For the reasons explained in Membres v. State, No. 49S02-0701-CR-33, ___ N.E.2d ___, slip op. at 11 (Ind. June 27, 2008), also decided today, Litchfield "applies only in cases in which substantially the same claim was raised before Litchfield was decided." Bowles did raise a claim that the search of his trash violated article I, section 11 of the Indiana Constitution in his original motion to suppress in the trial court. This claim was asserted before Litchfield was handed down, but it was not "substantially the same claim" as one that would prevail under Litchfield. Bowles argued that the search was illegal because the police officer may have stepped onto private property in order to retrieve Bowles's trash. Litchfield explicitly rejected this claim. 824 N.E.2d at 362–63. Bowles also filed a pre-Litchfield motion to reconsider the trial court's denial of his motion to suppress in which he focused on statutory prerequisites to warrants and did not raise a constitutional argument.

None of these pre-Litchfield attacks on the search anticipated any claim remotely aligned with the view of section 11 articulated in Litchfield. Accordingly, a Litchfield claim is unavailable to Bowles in this appeal. The decision of the Court of Appeals in Bowles's interlocutory appeal resolved his claim under the law as it existed at the time of the search. Under the doctrine of the law of the case, that decision is dispositive of this appeal. Cutter v. State, 725 N.E.2d 401, 405 (Ind. 2005) ("The doctrine of the law of the case is a discretionary tool by which appellate courts decline to revisit legal issues already determined on appeal in the same case and on substantially the same facts.").

**Conclusion**

The judgment of the trial court is affirmed.

Shepard, C.J., and Dickson, J., concur.

Sullivan, J., dissents with separate opinion.

Rucker, J., dissents with separate opinion.

3

**Sullivan, Justice, dissenting.**

Litchfield v. State, 824 N.E.2d 356 (Ind. 2005), announced a new rule of criminal procedure. Membres v. State, No. 49S02-0701-CR-33, slip op. at 6 (Ind. June 27, 2008). Our long-standing retroactivity rule dictates that new rules of criminal procedure apply to future trials and also to cases pending on direct appeal (or otherwise not yet final) where the issue was properly preserved in the trial court. Smylie v. State, 823 N.E.2d 679, 688-689 (Ind. 2005); Ludy v. State, 784 N.E.2d 459, 462 (Ind. 2003); Pirnat v. State, 607 N.E.2d 973, 974 (Ind. 1993). The Court says that Bowles is not entitled to the benefit of the Litchfield rule because, even though Bowles did raise a claim that the search of his trash violated article I, section 11, of the Indiana Constitution that was pending on direct appeal when Litchfield was decided, Bowles's claim "was not substantially the same claim as one that would prevail under Litchfield. Bowles argued that the search was illegal because the police officer may have stepped onto private property in order to retrieve Bowles's trash." Slip op. at 3 (internal quotations omitted). It is true that that is not the claim that did prevail in Litchfield but it is exactly the same claim that the Litchfield defendants did raise. See Litchfield, 824 N.E.2d at 362 ("They argue that because [the police] entered their property to retrieve their garbage, the search of that garbage was unreasonable.") Because Bowles had a claim for relief identical to the Litchfields' claim pending on direct appeal at the same time the Litchfields' claim received the benefit of the new rule, I would extend the benefit of the new rule to Bowles as well.

1

**Rucker, Justice dissenting.**

I respectfully dissent. For reasons expressed in my separate opinion in <u>Membres v. State</u>, No. 49S02-0701-CR-33, ___ N.E.2d ___, ___ (Ind. June 27, 2008) (Rucker, J., dissenting), I would apply <u>Litchfield</u> retroactively to this case. In so doing I note the Court of Appeals' conclusion that the "police lacked reasonable suspicion to search Bowles' trash as is required under <u>Litchfield</u> and, therefore, issuance of a search warrant based on what was found in the trash was improper." <u>Bowles v. State</u>, 867 N.E.2d 242, 252 (Ind. Ct. App. 2007) (applying good faith exception to the exclusionary rule and concluding the trial court did not err in admitting evidence recovered under the warrant). Because I do not believe that a good faith exception trumps the new rule of state constitutional law announced in <u>Litchfield</u>, I would reverse the trial court's denial of Bowles' motion to suppress.