# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 05 2018, 10:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey S. Jacob
Jacob, Hammerle & Johnson
Zionsville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Kenneth J. Hobensack,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 5, 2018

Court of Appeals Case No.
06A04-1707-CR-1529

Appeal from the Boone Superior
Court

The Honorable Matthew C. Kincaid,
Judge

Trial Court Cause No.
06D01-1603-FA-48

**Crone, Judge.**

# Case Summary

Kenneth J. Hobensack appeals his convictions, following a jury trial, for three counts of class A felony child molesting and one count of class B felony sexual misconduct with a minor. The trial court imposed a sixty-five-year aggregate sentence. Hobensack contends that the evidence is insufficient to support his convictions and that the trial court abused its discretion in admitting or excluding certain evidence. He also asserts that his sentence is inappropriate. Finding the evidence sufficient, and concluding that Hobensack has waived our review of his evidentiary claims as well as the challenge to his sentence, we affirm.

# Facts and Procedural History

K.M. was three years old when her mother, C.H., married twenty-two-year-old Hobensack in April 2001. K.M. and her younger half brother lived with their mother and Hobensack, who went on to have three children of their own. One day, when K.M. was nine or ten years old and in the fourth grade, Hobensack pulled her out of the shower and told her she was not washing herself correctly. He forced her into a bed in the adjacent bedroom and had sexual intercourse with her. Hobensack had sexual intercourse with K.M. on several more occasions that year, and many more times when she was in fifth and sixth grade. He also forced K.M. to perform oral sex on him on several occasions. Hobensack threatened K.M. that he would kill her or her mother if she told anybody about what he had done to her.

[3] Hobensack and C.H. separated when K.M. was in sixth grade. However, one night Hobensack came to the home and argued with C.H. During the argument, he threatened to take all the kids away and told C.H. that she would never see them again. He grabbed K.M. and took her to his car and locked the doors. While in the car, he repeated his threat to K.M. that he would kill her or C.H. if K.M. ever told anyone about the sexual abuse he had inflicted upon her.

[4] Hobensack and C.H. lived apart for several years but then reunited, and he returned to the home when K.M. was in ninth grade. On at least two occasions that year, Hobensack forced K.M. to have sexual intercourse with him. Specifically, he held her down by placing blankets over her wrists so that she would not show any bruises. He would pull her hair and call her a "slut." Tr. Vol. 2 at 166. At some point C.H. filed for divorce and obtained a protective order against Hobensack. Hobensack then moved to Florida.

[5] Not long after Hobensack moved away, K.M. accused C.H. of letting "all this happen" and letting Hobensack "hurt" her. *Id.* at 157. C.H. called Captain Debra Martin of the Boone County Sheriff's Department and reported what K.M. had told her. K.M. was then interviewed at a child advocacy center and revealed that Hobensack had once pulled her out of the shower while he was also naked and had rubbed her back. She did not provide any details about Hobensack also having sex with her because she "didn't want him to find out and hurt" her or her mom. *Id.* at 159-60. Personnel from the child advocacy center forwarded the report to Florida authorities who, in turn, contacted Hobensack. He denied K.M.'s allegations. Soon thereafter, in September 2013,

K.M. and her family returned home from church to find Hobensack at their residence in violation of the protective order. K.M. felt "[t]errified" by seeing Hobensack. *Id.* at 160.

[6] In 2015, K.M. was again interviewed at the child advocacy center. Although K.M. indicated to the interviewer that "something had happened" between her and Hobensack, she provided very little detail. *Id.* at 230. When asked why she was providing such "limited information," she told the interviewer that they "couldn't keep her safe" and the "last time when [she] even told half the story he came to [her] house." *Id.* at 162, 231. Eventually, K.M. decided she may be able to "help other people" by sharing her story, so she contacted Captain Martin and reported Hobensack's sexual abuse. *Id.* at 163.

[7] The State charged Hobensack with three counts of class A felony child molesting and one count of class B felony sexual misconduct with a minor. A jury found him guilty as charged. The trial court sentenced him to concurrent fifty-year sentences on each of the child molesting counts, to be served consecutive to a fifteen-year sentence on the sexual misconduct count, for an aggregate sentence of sixty-five years. This appeal ensued.

## Discussion and Decision

## Section 1 – The evidence is sufficient to support the convictions.

[8] Hobensack contends that the State presented insufficient evidence to support his convictions. When reviewing a claim of insufficient evidence, we neither

reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the conviction, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.* In short, if the testimony believed by the trier of fact is enough to support the conviction, then the reviewing court will not disturb it. *Id.* at 500.

[9] To convict Hobensack of class A felony child molesting, the State was required to prove that Hobensack, being at least twenty-one years of age, "perform[ed] or submit[ted] to sexual intercourse or deviate sexual conduct" with K.M. when she was under fourteen years of age. Ind. Code § 35-42-4-3(a)(1). To convict Hobensack of class B felony sexual misconduct with a minor, the State was required to prove that Hobensack, being at least twenty-one years of age, "perform[ed] or submit[ted] to sexual intercourse or deviate sexual conduct" with K.M. when she was at least fourteen years of age, but less than sixteen years of age. Ind. Code § 35-42-4-9(a)(1).

[10] Here, K.M. testified that Hobensack had sexual intercourse with her on multiple occasions when she was under fourteen years of age and at least once when she was between fourteen and sixteen years of age. Hobensack's sole argument on appeal is an attack on K.M.'s credibility. Specifically, he concentrates on K.M.'s failure to report the sexual abuse earlier despite having the opportunity to do so when interviewed by authorities, and he surmises that K.M. simply fabricated the molestations and sexual misconduct because she

"really wanted out of her mother's home" and did not want to be considered "a runaway." Appellant's Br. at 13. However, the jury was presented with this theory below, but chose instead to believe K.M.'s testimony recounting the abuse and explaining why she did not report it earlier, which is the jury's prerogative. Hobensack merely requests that we reweigh the evidence and reassess witness credibility on appeal, which we will not do. *Bell*, 31 N.E.3d at 499.

[11] Hobensack briefly mentions the incredible dubiosity rule, pursuant to which "a court will impinge on the jury's responsibility to judge the credibility of the witnesses only when it has confronted 'inherently improbable' testimony or coerced, equivocal, wholly uncorroborated testimony of 'incredible dubiosity.'" *Moore v. State*, 27 N.E.3d 749, 755 (Ind. 2015) (citation omitted). Hobensack fails to put forth cogent argument as to why the rule should apply here, and thus the issue is waived. *Morell v. State*, 933 N.E.2d 484, 493 (Ind. Ct. App. 2010) (defendant waived argument on appeal by failing to develop a cogent argument).

[12] Waiver notwithstanding, K.M.'s trial testimony was neither improbable nor "inconsistent with itself." *Moore*, 27 N.E.3d at 755. K.M. was consistent and specific with her testimony regarding Hobensack's multiple acts of sexual abuse, and, as noted above, the jury was free "to believe or disbelieve" K.M. *Murray v. State*, 761 N.E.2d 406, 409 (Ind. 2002). The State presented sufficient evidence to support the convictions.

## Section 2 – Hobensack has waived appellate review of his evidentiary claims.

[13] Hobensack next contends that the trial court abused its discretion regarding certain evidentiary rulings. Evidentiary rulings rest within the sound discretion of the trial court, and we review those rulings only for an abuse of discretion. *Griffith v. State*, 31 N.E.3d 965, 969 (Ind. 2015). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Watson v. State*, 784 N.E.2d 515, 520 (Ind. Ct. App. 2003).

[14] Hobensack first asserts that the trial court abused its discretion in excluding "any testimony or evidence as to whether DCS [Department of Child Services] 'substantiated' or 'unsubstantiated' [abuse] allegations" based upon the State's pretrial motion in limine requesting such exclusion. Appellant's App. Vol. 2 at 136. It is well established that a trial court's ruling on a motion in limine does not determine the ultimate admissibility of the evidence; that determination is made by the trial court in the context of the trial itself. *Clausen v. State*, 622 N.E.2d 925, 927 (Ind. 1993). The evidence must be offered at trial to give the trial court an opportunity to rule on its admissibility at that time. *Miller v. State*, 716 N.E.2d 367, 370 (Ind. 1999). "Absent either a ruling admitting evidence accompanied by a timely objection or a ruling excluding evidence accompanied by a proper offer of proof, there is no basis for a claim of error." *Hollowell v. State*, 753 N.E.2d 612, 615-16 (Ind. 2001).

[15] Hobensack did not object to the State's motion in limine, and, significantly, he points to no evidence that he attempted to present at trial through an offer of proof that was excluded by the trial court. Indeed, it is clear from the record that Hobensack did in fact introduce evidence regarding DCS investigations without objection by the State or adverse ruling from the trial court. While Hobensack complains that any DCS findings should have been admitted in their entirety, because he failed to offer such evidence at trial, he has failed to preserve any error for our review. *See id.*

[16] Hobensack also maintains that the trial court abused its discretion in admitting evidence that he intimidated and/or threatened K.M. on two occasions, first when he locked her in his car, and second when he violated a protective order and showed up at her residence. Hobensack asserts that while each of these pieces of evidence was only "mildly prejudicial" on their own, collectively they were unfairly prejudicial in violation of Indiana Evidence Rule 403. That rule provides in pertinent part that the trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger" of unfair prejudice. Ind. Evidence Rule 403.[1] Hobensack failed to object to any of this evidence when presented at trial, and therefore he has again failed to preserve any error for our review. The failure to make a contemporaneous objection to evidence

---

[1] Although Hobensack refers to these as "[Indiana Evidence Rule] 404(b) event[s,]" his appellate argument regarding admissibility focuses solely upon Indiana Evidence Rule 403. Appellant's Br. at 19.

when it is offered waives any claim of error in its admission on appeal. *Bean v. State*, 913 N.E.2d 243, 253 (Ind. Ct. App. 2009), *trans. denied*.[2]

## Section 3 – Hobensack has waived appellate review of his claim that his sentence is inappropriate.

[17] Finally, Hobensack asserts that his sentence is inappropriate and invites this Court to revise it pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." It is well settled that the defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[18] Hobensack makes no specific argument regarding the nature of his offenses or his character and merely instructs this Court to "look to the entirety of the circumstances of this case" to determine that his sixty-five-year sentence is inappropriate. Appellant's Br. at 21. This falls short of satisfying his burden on appeal, and he has consequently waived his Appellate Rule 7(B) argument. *Perry v. State*, 921 N.E.2d 525, 528 (Ind. Ct. App. 2010) (failure to make cogent argument regarding nature of defendant's offense and defendant's character

---

[2] We recognize that claims that have been waived by a defendant's failure at trial to properly preserve the errors can be reviewed on appeal if the reviewing court determines that fundamental error occurred. *Konopasek v. State*, 946 N.E.2d 23, 27 (Ind. 2011). Here, however, Hobensack does not raise any claim of fundamental error.

results in waiver of inappropriateness claim).  In sum, we affirm Hobensack's convictions and sentences.

[19]    Affirmed.


Robb, J., and Bradford, J., concur.