## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 11 2018, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ralph A. Tait,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 11, 2018

Court of Appeals Case No.
18A-CR-283

Appeal from the Marion Superior Court

The Honorable Grant W. Hawkins, Judge

Trial Court Cause No.
49G05-1609-MR-38611

**Bailey, Judge.**

# Case Summary

[1]     Ralph Tait ("Tait") appeals his conviction, following a jury trial, of murder.[1] He raises one issue on appeal, namely, whether the trial court erroneously excluded evidence tending to show that a third party committed the crime.

[2]     We affirm.

# Facts and Procedural History

[3]     At around 4:45 a.m. on September 25, 2016, Tait drove Starr Eldridge ("Eldridge") to a gas station and then to his apartment approximately five miles away. At about 5:45 a.m., Tait carried Eldridge's body, which was wrapped in a comforter, out of his apartment and into the trunk of his car. Tait dumped Eldridge's body in a nearby retention pond. He then cleaned his apartment with bleach and cut out a piece of carpet and padding. Later that day, someone found Eldridge's body in the pond. She had thirteen stab wounds. The police found her blood and DNA in Tait's apartment and car.

[4]     The State charged Tait with murder. Before trial, Tait filed a "Notice of Intent to Use" and admit at trial evidence that: the police investigated Leroy Moss ("Moss"), Eldridge's former boyfriend, as a suspect in Eldridge's murder; Moss was charged with robbing a cab driver with a knife on October 15, 2016; Moss's

---

[1] Ind. Code § 35-42-1-1(1).

DNA and inconclusive DNA of another person were found on the knife Moss used in the robbery; and Moss was with Tait and Eldridge on the morning of Eldridge's murder. In response, the State filed its objection and a Motion in Limine requesting that the court prohibit Tait from presenting evidence of, among other things: Eldridge's prostitution and other crimes and evidence of any other third person's past crimes.

[5] At a November 21, 2017, pretrial hearing, Tait did not object to the exclusion of evidence about Eldridge's prostitution, noting that "[i]f it comes out in trial I suppose we could revisit." Supp. Tr. Vol. II at 24. Although Tait argued at the pretrial hearing for the admission of evidence of Moss's past crimes, including DNA evidence of the knife used in the robbery, the trial court ruled that Tait was not permitted to admit such evidence at trial, but that Tait and Moss could testify about their observations. On November 27, the day of the jury trial but before voir dire, Tait purported to "supplement" his prior November 21 offer of proof with the Commander's Information Sheet for Moss's arrest, Defense Exhibit A, and two subpoenas, Defense Exhibits B-1 and B-2. Tr. Vol. II at 7-8. However, at trial, Tait never attempted to introduce those exhibits or any other evidence about Eldridge's prostitution or Moss's prior crimes; therefore, the trial court did not make any final ruling on the admission of such evidence.

[6] At Tait's trial, Detective Christopher Craighill testified that he interviewed Moss and took a buccal swab of Moss. Tait testified that, on the morning of Eldridge's death, he took Moss and Eldridge to the gas station and then Tait's apartment. Tait testified that he left Moss and Eldridge in his apartment while

he went back to the gas station to get cigarettes. Tait stated that, when he returned to his apartment, he found Eldridge's dead body and Moss had left the apartment. Tait testified that he removed Eldridge's body and dumped it in a retention pond because he was "shocked" and "frantic," and he did not know what else to do. Tr. Vol. III at 98. Moss testified that he was not with Eldridge on the day of her murder, that he had never met Tait or been to his apartment, and that a detective interviewed him and took a buccal swab.

[7] On November 28, 2017, the jury found Tait guilty of murder, and he was subsequently sentenced to serve fifty-five years at the Department of Correction. This appeal ensued.

# Discussion and Decision

[8] Tait contends that the trial court denied him a fair trial by excluding evidence that Moss, rather than Tait, committed the murder of Eldridge. Specifically, he asserts that the trial court erred by excluding the following evidence that: (1) Moss and Eldridge were romantically involved; (2) Eldridge was a prostitute and Moss may have been her pimp; (3) Eldridge and Moss argued approximately one month before her murder; (4) Moss was arrested and charged with robbery three weeks after the murder; (5) Moss used the same type of weapon in the robbery—i.e., a knife—as was used in Eldridge's murder; (6) the knife used in the robbery had Moss's DNA on it and the DNA of an unknown third person; and (7) Eldridge died from thirteen stab wounds. Appellant's Br. at 16-17. However, evidence was admitted at trial as to facts

(1), (3), and (7), above. And, although Tait attempted unsuccessfully at a pretrial hearing on a motion in limine to get a ruling of admission as to evidence of facts (2), (4), (5), and (6), he never offered or attempted to admit such evidence at trial.

[9] In order to preserve error in the over-ruling of a pretrial motion in limine, the appealing party must have offered the evidence at issue into the trial record, and he must have objected to the ruling disallowing the admission of that evidence. *Clausen v. State*, 622 N.E.2d 925, 927 (Ind. 1993). This is because a ruling on a motion in limine "does not determine the ultimate admissibility of the evidence; that determination is made by the trial court in the context of the trial itself." *Id*. at 927. Absent "a ruling at trial excluding evidence accompanied by a proper offer of proof, there is no basis for a claim of error." *Hollowell v. State*, 753 N.E.2d 612, 615-16 (Ind. 2001). Thus, failure to object to the exclusion of evidence at trial results in waiver of the alleged error. *Clausen*, 622 N.E.2d at 927; *see also Raess v. Doescher*, 883 N.E.2d 790, 796-97 (Ind. 2008) ("Failure to object at trial to the admission of the evidence results in waiver of the error, notwithstanding a prior motion in limine.").

[10] Because Tait did not attempt to admit evidence of Eldridge's prostitution or Moss's arrest and charge for robbery at trial, there is no order excluding that evidence for him to appeal.[2] He has waived any claim regarding the admission

---

[2] For the same reason, we cannot engage in a fundamental error analysis; there is no exclusion of evidence to be analyzed.

into evidence of facts relating to Eldridge's prostitution and Moss's past criminal behavior, as no such admission was sought, nor any offer of proof made, at trial. *Id.*

[11] Affirmed.

Mathias, J., and Bradford, J., concur.