**Daniel H. RAESS, M.D., Appellant–Defendant,**

v.

**Joseph E. DOESCHER, Appellee–Plaintiff.**

No. 49A02–0506–CV–490.

Court of Appeals of Indiana.

Feb. 27, 2007.

Mary H. Watts, Karl L. Mulvaney, Kelly R. Eskew, Indianapolis, IN, Attorneys for Appellant.

Kevin W. Betz, Sandra L. Blevins, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

HOFFMAN, Senior Judge.

Plaintiff–Appellee Joseph E. Doescher has filed a petition for rehearing in which he claims that the trial transcript was materially misstated in our opinion. We grant rehearing for the limited purpose of correcting a misstatement; however, we reject Doescher's claim that the misstatement was material.

In our original opinion, we noted that the confusion engendered by a "workplace bullying" expert witness, Namie, was illustrated by trial counsel's opening statement reference to Raess as a "bully" and his emphasis in closing argument on "workplace bullying." We illustrated this emphasis by stating that trial counsel "referred to 'bullying' numerous times" in his closing argument and by quoting trial counsel's concluding plea that, "We ask for a verdict in favor of Joe Doescher. And, yes, *that's a verdict against workplace bullying* and *against the workplace bullying incident.*" *Raess v. Doescher*, 858 N.E.2d 119, 123 (Ind.Ct.App.2006) (emphasis in original). The term "bullying" is implied in the final statement, not explicit, and the quotation should have shown that distinction. However, as we noted in our original opinion, there is no doubt that Namie's testimony and Doescher's counsel combined to mislead and confuse the jury into considering the case as a "workplace bully" case.

Doescher's trial counsel characterized Doescher's case for the jury in the first sentence of his opening statement, "This is the story of the ruination of a seventeen-year career as a perfusionist by Dr. Daniel Raess by a **workplace bullying incident.**" (Tr. 260–61) (emphasis supplied). Later in the trial, Namie testified over objection that the argument between Raess and Doescher was an "episode of **workplace bullying**" and that Raess "is a **workplace abuser.**" (Tr. 413) (emphasis supplied).

In his closing argument, Doescher's trial counsel referred to "bullying" more than eleven times.[1] After thanking the jury for its participation and patience, trial counsel immediately began his discussion of the evidence by again characterizing the case as one involving a "workplace bully" and a "workplace bully incident." Trial counsel stated:

> "I'm going to go through what I think the evidence shows pretty clearly here that Mr. Doescher was the victim of a **workplace bully** incident as identified by Dr. Namie and other doctors. And that Dr. Dan Raess is a **workplace bully.** All the attorneys, all the arguments, all the power, all the resources of Dan Raess, that was not even disputed. This was a **workplace bully incident** and he is a **workplace bully,** *that's what we learned at this trial.*" (Tr. 1240–41) (emphasis supplied).

Trial counsel followed this characterization of the case by stating, "It is undisputed that after reviewing the evidence Dr. Namie called this a **workplace bully incident** and said Dan Raess is a **workplace bully.**" (Tr. 1250) (emphasis supplied). Trial counsel then ended his rebuttal the same way he began his closing argument—by asking for a verdict against a "workplace bully." Specifically, he stated, "We ask you for a verdict in favor of Joe Doescher. And yes, that's a verdict against a **workplace bully** and against the **workplace [bullying] incident.**" (Tr. 1290) (emphasis supplied).

1. We confine our quotations to the primary references that illustrate trial counsel's emphasis on "bullying".

Because the probative value of Namie's testimony was substantially outweighed by the unfair prejudice to Raess, and because trial counsel's unrelenting emphasis upon that testimony was both misleading and confusing, we correctly reversed the trial court's judgment.

RILEY, J., and DARDEN, J., concur.