## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 31 2016, 10:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jill M. Acklin
McGrath, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
Abigail R. Recker
Deputy's Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Termination of the Parent-Child Relationship of: | October 31, 2016 |
| J.P. and R.P. (Minor Children), | Court of Appeals Case No. 49A02-1603-JT-666 |
| and, | Appeal from the Marion Superior Court |
| N.P. (Mother), | The Honorable Marilyn Moores, Judge |
| *Appellant-Respondent,* | The Honorable Larry Bradley, Magistrate |
| v. | Trial Court Cause No. 49D09-1506-JT-455 49D09-1506-JT-456 |

The Indiana Department of Child Services,

*Appellee-Petitioner.*

**Barnes, Judge.**

# Case Summary

N.P. ("Mother") appeals the trial court's termination of her parental rights to her children, J.P. and R.P. We affirm.

# Issue

The sole issue before us is whether the trial court improperly relied on hearsay evidence when ruling on the termination petition.

# Facts

J.P. was born in 2008, and R.P. was born in 2011. Mother is also the mother of H.E., who was born in 1999. In 2011, the Marion County office of the Department of Child Services ("DCS") filed a petition alleging that J.P. and R.P. were CHINS because of allegations that Mother had choked J.P. and that she appeared to have mental health problems. A CHINS finding was entered shortly thereafter. Additionally, in April 2013, Mother pled guilty to one count of Class C felony neglect of a dependent in connection with the alleged choking

incident and received a sentence of two years executed and four years suspended to probation. As a result of the 2011 CHINS finding, J.P. and R.P. were removed from Mother's care from May 2011 to July 2013. The CHINS case was closed in September 2013 after Mother completed all services.

[4] In January 2014, DCS filed a new CHINS petition as to J.P., R.P., and H.E., alleging that Mother had battered her boyfriend.[1] J.P. and R.P. were immediately removed from Mother's care, while H.E. ran away. A CHINS finding was entered in April 2014. Initially, Mother was cooperative with services. However, in June 2014, Mother learned that charges had been filed against her for three counts of battery against her boyfriend. Mother then fled for over six months and took H.E. with her. She participated in no services during that time, she had no contact with J.P. and R.P., and she used methamphetamine. In January 2015, Mother turned herself in to authorities. She eventually was convicted of invasion of privacy in relation to the June 2014 charges; she also had her probation revoked for the 2012 neglect of a dependent conviction and was ordered to serve her previously-suspended sentence. Her current earliest release date from the Department of Correction is January 2017.

[5] On June 29, 2015, DCS filed a petition to terminate Mother's parental rights to J.P. and R.P. At the outset of the first fact-finding hearing in this matter, DCS

---

[1] Mother subsequently married this individual. He is not the father of any of the children.

moved to introduce fifteen exhibits, consisting of various CHINS filings and orders from 2011 through 2015. Mother's attorney stated:

> Judge, given that they're certified court documents and the Court is permitted to take notice of that [inaudible] file, I don't object to them as exhibits. I would ask the Court, like I always ask and like you always know, to be mindful of any hearsay that might be intertwined within these documents, and I would object to that hearsay and leave it to the Court's discretion to, um, to give that the appropriate weight. But otherwise I don't object to the admission of these documents.

Tr. p. 7. The trial court responded, "Okay, we'll show, uh, 1-15 admitted, um, we'll note they're certified court orders, a lot of times they do include hearsay, which would be inadmissible at the CHINS level but not in the termination case, so for those purposes we'll show them admitted." *Id.* On March 7, 2016, the trial court entered its order terminating Mother's parental rights to J.P. and R.P. Mother now appeals.[2]

## Analysis

[6] Mother's sole contention on appeal is that the trial court erroneously relied upon hearsay in ruling on the termination petition. It is not clear to us, however, that Mother adequately preserved this claim of error. A claim of trial court error in admitting evidence may be raised on appeal only if there was a timely objection that specifically stated the ground of objection, if the specific

---

[2] The parental rights of J.P. and R.P.'s fathers had been previously and separately terminated.

ground was not apparent from the context. *Raess v. Doescher*, 883 N.E.2d 790, 797 (Ind. 2008) (quoting Ind. Evidence Rule 103(a)(1)). A contemporaneous objection to evidence must be sufficiently specific so as to fully alert the trial court of the legal issue involved. *Id.* "A mere general objection, or an objection on grounds other than those raised on appeal, is ineffective to preserve an issue for appellate review." *Id.* A party may not sit idly by and appear to assent to an offer of evidence and then complain when the outcome goes against him or her. *Robey v. State*, 7 N.E.3d 371, 379 (Ind. Ct. App. 2014), *trans. denied*.

[7] Here, Mother's trial counsel specifically informed the trial court that he was trusting the trial court's discretion to weed through DCS's exhibits and separate inadmissible hearsay from other, admissible evidence that the documents contained. Counsel was not specific as to precisely what was purportedly inadmissible in those documents and seemed to concede that they contained a fair amount of clearly-admissible evidence. We believe that, in order to preserve a claim of reversible error with respect to these documents, it was incumbent upon trial counsel to specifically alert the trial court to those portions of the documents that allegedly constituted inadmissible hearsay, rather than leaving the trial court (and this court) to guess which portions counsel believed were inadmissible.

[8] We do acknowledge that the trial court misspoke when it suggested that rules of evidence regulating the admission of hearsay are inapplicable in a termination proceeding. That is incorrect. *See D.B.M. v. Indiana Dep't of Child Servs.*, 20 N.E.3d 174, 178-80 (Ind. Ct. App. 2014) (discussing applicability of hearsay

rules in a termination proceeding), *trans. denied*; *B.H. v. Indiana Dep't of Child Servs.*, 989 N.E.2d 355, 362-63 (Ind. Ct. App. 2013) (same). It is possible that the documents here did indeed contain hearsay. However, there are a number of exceptions to the inadmissibility of hearsay evidence, including the business records and public records exceptions, which may apply to CHINS reports and filings. *See D.B.M.*, 20 N.E.3d at 179-80 (citing Ind. Evidence Rules 803(6) & 803(8)). Because of Mother's failure to specifically note which portions of DCS's exhibits she believed contained inadmissible hearsay, DCS did not have an opportunity to litigate the issue, and Mother cannot now seek reversal on this basis.

[9] Even if the trial court erred in stating that hearsay rules do not apply in termination proceedings, "not all error is reversible." *B.H.*, 989 N.E.2d at 363. The erroneous admission of evidence requires reversal only if the admission affected a party's substantial rights. *D.B.M.*, 20 N.E.3d at 179; *see also* Ind. Trial Rule 61. An error is harmless if a judgment is supported by independent evidence such that there is no substantial likelihood that the questioned evidence contributed to the judgment. *B.H.*, 989 N.E.2d at 363.

[10] Mother's brief fails to specifically explain how the admission of the DCS exhibits affected her substantial rights. She does not direct us to those portions of the DCS exhibits that she believes were inadmissible hearsay, nor does she point to any finding in the trial court's termination order that was supported by inadmissible hearsay. Rather, she makes a general, blanket argument regarding the importance of parental rights and does not acknowledge that errors in the

admission of evidence may be harmless. Indeed, Mother admits, "there is no denying that [Mother] has squandered opportunities and made poor decisions since DCS first became involved with her family in May 2011." Appellant's Br. p. 11. Mother fails to make a cogent argument, supported by citation to authorities and the record, that the admission of any hearsay was not harmless. As such, she has waived her claim that the admission of hearsay requires reversal of the termination order. *See N.C. v. Indiana Dep't of Child Servs.*, 56 N.E.3d 65, 69 (Ind. Ct. App. 2016); Ind. Appellate Rule 46(A)(8)(a) (stating that contentions in an appellant's brief must be supported by cogent reasoning and citations to authorities and portions of the record relied upon).

## Conclusion

[11] Although the trial court erred in categorically stating that hearsay is admissible in termination proceedings, Mother has waived her claim that the trial court committed reversible error both by failing to make a specific objection before the trial court and by failing to make a cogent argument on appeal as to how any such error was not harmless. We affirm the termination of Mother's parental rights to J.P. and R.P.

[12] Affirmed.

Riley, J., and Bailey, J., concur.