## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2018, 11:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Talisha R. Griffin
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Beverly Louise Cratty,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 28, 2018

Court of Appeals Case No.
18A-CR-937

Appeal from the Marion Superior Court

The Honorable Amy M. Jones, Judge

Trial Court Cause No.
49G08-1704-CM-14566

**Bailey, Judge.**

# Case Summary

[1] Following a bench trial, Beverly Louise Cratty ("Cratty") was convicted of two counts related to contraband found during a warrantless inventory search of a vehicle in her possession. At trial, the State asserted that it had charged one of the counts—Possession of Marijuana—as a Class A misdemeanor.[1] However, the trial court observed that it did not "have charging information . . . that shows that," and stated that it would enter Count I as a Class B misdemeanor. Tr. Vol. II at 58. The court later entered a written order identifying Count I as a Class A misdemeanor; the order otherwise accurately identifies Count II as a conviction for Possession of Paraphernalia, as a Class C Misdemeanor.[2]

[2] Cratty now appeals, challenging the admission of evidence obtained during the inventory search. Determining that Cratty waived this argument by failing to contemporaneously object on this basis—and that the record does not reveal fundamental error—we affirm the convictions. However, having *sua sponte* identified inconsistency between the trial court's oral and written classification of Count I, we remand for correction of this inconsistency.

---

[1] *Compare* Ind. Code § 35-48-4-11(a)(1) (criminalizing the possession of marijuana and generally classifying the offense as a Class B misdemeanor) *with* I.C. § 35-48-4-11(b) (elevating the offense to a Class A misdemeanor if "the person has a prior conviction for a drug offense").

[2] I.C. § 35-48-4-8.3(b)(1).

# Facts and Procedural History

[3] On April 16, 2017, Cratty called the police for help retrieving belongings that were locked inside a caregiver's apartment. Officer Andrew Emmel ("Officer Emmel") with the Indianapolis Metropolitan Police Department arrived and knocked on the apartment door.[3] No one answered, and Officer Emmel told Cratty that there was nothing he could do. Officer Emmel then asked if Cratty had a vehicle or a way to leave, and Cratty said no. Shortly thereafter, Officer Emmel saw Cratty enter a vehicle that had no other occupants. Officer Emmel ran the license plate and learned that the vehicle had been reported stolen.

[4] After running the license plate, Officer Emmel handcuffed Cratty and gave her a *Miranda* warning.[4] During ensuing questioning, Cratty said that she borrowed the vehicle from a relative. Officer Emmel was unsuccessful in his attempt to contact the owner of the vehicle, and he decided to have the vehicle towed. In the meantime, Officer Emmel began conducting a warrantless inventory search. Inside the vehicle, Officer Emmel found a purse containing items that he believed were a marijuana pipe, a crack pipe, and a baggie of ground-up marijuana. Officer Emmel asked Cratty if she smoked marijuana or crack, and Cratty "said that she smokes marijuana." Tr. Vol. II at 16.

---

[3] Officer Emmel did not testify as to his first name, but the parties appear to agree that his name is Andrew.

[4] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[5] The State charged Cratty with one count of Possession of Marijuana and one count of Possession of Paraphernalia. A bench trial was held in March 2018, during which Cratty did not object to Officer Emmel's testimony describing the items that he believed to be contraband. Later, the State sought to admit Exhibit 1—consisting of the actual contraband—and Cratty objected only on foundational grounds. The court then admitted the evidence over Cratty's objection, noting that the evidence "would be admitted as that these items were found in a purse that belonged to [Cratty] in the car," but that the court had not yet seen any laboratory reports. *Id.* After Officer Emmel had testified, and prior to anticipated testimony from a laboratory analyst, Cratty orally moved to suppress evidence obtained from the search. Cratty argued, *inter alia*, that the inventory search offended her constitutional rights. The trial court denied the motion. The State later sought to admit a laboratory report indicating that there was cocaine residue in one of the pipes and marijuana in the baggie. The trial court admitted the report without objection from Cratty.

[6] After an initial phase of trial, the court found Cratty guilty of Possession of Marijuana and Possession of Paraphernalia. The State informed the court that it "had a part two as to count one," at which point Cratty indicated that she would stipulate "as to the prior conviction." *Id.* at 57. The court and the parties attempted to locate an additional charging information, which the State eventually conceded that it could not find. The court then remarked: "Well, at this point then I understand that the parties would stipulate to that, but I don't have charging information for the Court that shows that. So it will be entered

as a b [sic] misdemeanor." *Id.* at 58. The trial court then imposed an aggregate sentence of 180 days with 178 days suspended. That same day, the trial court entered a written order identifying Count I as a Class A misdemeanor.

[7] Cratty now appeals.

# Discussion and Decision

[8] Cratty argues that the trial court erred in admitting evidence obtained from the inventory search. She asserts that the search was unconstitutional under federal and state principles, arguing—*inter alia*—that there was no evidence that the warrantless search complied with department policy. However, Cratty failed to contemporaneously object on this basis, resulting in waiver of the issue on appeal. *See, e.g.*, *Delarosa v. State*, 938 N.E.2d 690, 694 (Ind. 2010) (recognizing the general rule that "[a] failure to object when the evidence is introduced at trial waives the issue for appeal"). In arguing that she preserved this issue, Cratty points out that she objected—on *foundational* grounds—when the State sought to admit the actual contraband. Yet, a contemporaneous "objection on grounds other than those raised on appeal . . . is ineffective," *Raess v. Doescher*, 883 N.E.2d 790, 797 (Ind. 2008), and Cratty's subsequent constitutional argument—presented after the evidence had been admitted—was untimely.

[9] Having failed to preserve the issue at trial, Cratty may obtain relief only upon fundamental error. *See Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). This "exception is 'extremely narrow, and applies only when the error constitutes a

blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process.'" *Id.* (quoting *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006)). Indeed, "[t]he error claimed must either make a fair trial impossible or constitute clearly blatant violations of basic and elementary principles of due process." *Id.* (quotation marks omitted).

[10] Cratty does not argue fundamental error, and instead asks that we look past waiver and "address her case on the merits." Reply Br. of Appellant at 6. However, as the record does not support application of the fundamental-error exception, we decline this request and affirm the convictions. We nonetheless proceed to address the issue identified *sua sponte*, which is the inconsistent classification of Count I. That is, although the trial court orally stated that it was entering judgment as a Class B misdemeanor, its written order shows that Cratty was convicted of a Class A misdemeanor. *See* App. Vol. II at 14 (identifying Count I as "35-48-4-11(a)(1)/MA: Possession of Marijuana"). We remand for correction of this inconsistency.

[11] Affirmed and remanded.

Mathias, J., and Bradford, J., concur.