Alesha HOUSTON and Donna Gruzinsky, Appellants–Defendants,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–1101–CR–77.

Court of Appeals of Indiana.

Nov. 18, 2011.

Rehearing Denied Feb. 10, 2012.

Darren Bedwell, Marion County Public Defender, Appellate Division, Indianapolis, IN, Attorney for Appellants.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Alesha Houston ("Houston") and Donna Gruzinsky ("Gruzinsky") were each convicted in separate lower cause numbers of failure to ensure school attendance [1] as a Class B misdemeanor. In this consolidated appeal, Houston and Gruzinsky raise the following restated issues:

I. Whether the trial court abused its discretion when it admitted the referral and attendance records of Gruzinsky's child into evidence at her trial under the business records exception to the hearsay rule; and

II. Whether Houston received effective assistance of counsel when her trial counsel failed to object to the admission of hearsay documents.

We affirm.

## FACTS AND PROCEDURAL HISTORY

### Gruzinsky

Gruzinsky enrolled her child, A.L., in kindergarten at Irvington Community School for the 2009–2010 school year. Between the dates of August 11, 2009 and April 20, 2010, A.L. had twenty-six unexcused absences and forty-five tardies. Notice of her failure to ensure A.L.'s attendance at school was personally served on Gruzinsky on December 16, 2009. She also received notice by certified mail on January 25, 2010.

On June 9, 2010, the State charged Gruzinsky with one count of failure to ensure school attendance as a Class B misdemeanor. During the bench trial on January 3, 2011, the State sought to have A.L.'s referral and attendance records admitted into evidence as States Exhibit 1. Gruzinsky raised a hearsay objection, which was overruled by the trial court. Michael McFadden ("McFadden"), the attendance officer for Irvington Community School, testified that he was the "keeper and custodian of the attendance record, which was admitted." *Appellants' App.* at 66. He further stated that, "Ms. Jeremy Brigham was the Attendance Secretary at Irvington Community School and had a duty to accurately record excused and unexcused absences in the schools attendance database." *Id.* At the conclusion of the bench trial, Gruzinsky was found guilty and was sentenced to ninety days, all suspended to probation.

### Houston

Houston enrolled her child, R.H., in kindergarten at Indianapolis Public School ("IPS") # 74 for the 2009–2010 school year. Between the dates of August 14, 2009 and April 23, 2010, R.H. had twenty-seven unexcused absences. Notice of her failure to ensure R.H.'s attendance at school was personally served on Houston on March 2, 2010.

On May 17, 2010, the State charged Houston with one count of failing to ensure school attendance as a Class B misdemeanor pertaining to R.H.[2] A bench trial was held on November 1, 2010, at which the State sought to admit R.H.'s referral

---

1. *See* Ind.Code §§ 20–33–2–27(a), 20–33–2–44(b).

2. Houston was also charged with a second count of failing to ensure school attendance pertaining to a different child. At the bench trial, directed verdict was granted as to this count, and such count is not the subject of this appeal.

and attendance records admitted into evidence as Exhibit 1 through the testimony of Laurie Voss ("Voss"), who monitored attendance for IPS #74. Houston's defense counsel objected to the admission of this evidence on the grounds that the witness did not demonstrate an objective knowledge of the IPS attendance policy. *Tr.* at 14. The trial court overruled this objection and allowed the evidence to be admitted. Voss testified that Exhibit 1 had been made with her personal knowledge at or near the time of the events appearing in it, that it was made as a part of the regular practice of the school, and that it was kept in the course of the school's regularly conducted business activity. *Id.* at 9. At the conclusion of the bench trial, Houston was found guilty and sentenced to 180 days, all suspended to probation.

Gruzinsky and Houston each filed a notice of appeal. On April 27, 2011, this court granted Gruzinsky's and Houston's motion to consolidate their appeals. No transcript was able to be made of D.G.'s bench trial because the audio recording was inaudible. On June 2, 2011, the parties filed a document titled, "Verified Agreed Stipulation of Record," which the trial court certified as an accurate statement of the evidence and trial proceedings. *Appellants' App.* at 66–69. This court accepted this document and the trial court's certification by order entered June 13, 2011.

### DISCUSSION AND DECISION

#### I. Admission of Evidence

■ The trial court has broad discretion in ruling on the admissibility of evidence. *Edwards v. State*, 930 N.E.2d 48, 50 (Ind. Ct.App.2010), *trans. denied.* We will reverse such a ruling only when the trial court abuses its discretion. *Id.* An abuse of discretion occurs if the decision is clear-

ly against the logic and effect of the facts and circumstances before the trial court. *Boggs v. State*, 928 N.E.2d 855, 862 (Ind. Ct.App.2010), *trans. denied.*

■ Gruzinsky argues that the trial court abused its discretion when it allowed the referral and attendance records of her child into evidence at her trial. She contends that this evidence was hearsay and that the State did not lay a proper foundation to have the evidence admitted under the business records exception because there was insufficient evidence that McFadden had personal knowledge of A.L.'s attendance. Gruzinsky further contends that the referral records contained in the exhibit were not properly admitted under the business records exception because they were prepared in anticipation of litigation and, therefore, could not have been prepared in the regular course of business.

Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Hearsay is not admissible unless it falls within one of the exceptions provided by in the evidence rules. Evid. R. 802. The business records exception to the hearsay rule states, in pertinent part:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony or affidavit of the custodian or other qualified witness, unless the source of information

or the method or circumstances of preparation indicate a lack of trustworthiness.

Evid. R. 803(6).

■ Gruzinsky initially asserts that the attendance record portion of the exhibit was improperly admitted because there was insufficient evidence that McFadden had personal knowledge of A.L.'s attendance. "To admit business records pursuant to this exception, the proponent of the exhibit may authenticate it by calling a witness who has a functional understanding of the record keeping process of the business with respect to the specific entry, transaction, or declaration contained in the document." *Rolland v. State*, 851 N.E.2d 1042, 1045 (Ind.Ct.App.2006). The witness need not have personally made or filed the record or have firsthand knowledge of the transaction represented by it in order to sponsor the exhibit. *Id.*

Here, at Gruzinsky's trial, McFadden testified that he was the assigned attendance officer at Irvington Community School and was the "keeper and custodian of the attendance record, which was admitted" into evidence. *Appellants' App.* at 66. Further, in the affidavit attached to the attendance record, McFadden averred that, he had "personal knowledge that this record is the original or first permanent entry, was made in the ordinary course of business, was made at or near the time of the occurrence recorded, and there is a business duty to record them." *State's Ex. D.G.* 1 at 17.[3] We conclude that the State laid a proper foundation for the evidence admitted under the business records exception. Therefore, the evidence was not hearsay, and the trial court did not

abuse its discretion in admitting it into evidence.

■ Gruzinsky further contends that the referral records contained in the exhibit were not properly admitted under the business records exception because they were prepared in anticipation of litigation and, therefore, could not have been prepared in the regular course of business as required by the exception. Although it does appear that the forms completed by McFadden were provided by the Juvenile Division of the Marion County Prosecutors Office, the forms were completed as part of the regular business of the Irvington Community School. Indiana Code section 20–33–2–26 provides in pertinent part:

(a) It is the duty of each:

. . .

(2) attendance officer;

. . .

to enforce this chapter in their respective jurisdictions and to execute affidavits authorized under this section. . . .

(b) An affidavit against a parent for a violation of this chapter *shall be prepared and filed* in the same manner and under the procedure prescribed for filing affidavits for the prosecution of public offenses.

(c) An affidavit under this section *shall be filed in a court with jurisdiction* in the county in which the affected child resides. . . .

Ind.Code § 20–33–2–26 (emphasis added). The referral records in this case were admissible under the business records exception because McFadden was legally required to prepare them and to file them as part of the proceedings. *See In re the*

---

**3.** In both of the trial court cases, similar State's exhibits were admitted into evidence at the bench trials. Both exhibits are marked as "State's Exhibit 1" and are bound together in a continuously-paginated single volume.

We therefore refer to the exhibit from Gruzinsky's trial as "State's Ex. D.G. 1," using consecutive pages 11 through 18, and the exhibit from Houston's trial as "State's Ex. A.H. 1," using consecutive pages 1 through 10.

*Adoption of M.A.S.,* 815 N.E.2d 216, 223 (Ind.Ct.App.2004) (finding that home study report was admissible as business record over hearsay objection in adoption proceeding because statute specifically provided that report "shall be filed" and "become part of the proceedings"). We therefore conclude that the referral records were not hearsay, and the trial court properly admitted them.

## II. Ineffective Assistance of Counsel

■ "[A] claim of ineffective assistance of counsel requires the defendant to show by a preponderance of the evidence that (1) counsel's performance was below the objective standard of reasonableness based on 'prevailing' professional norms and (2) the defendant was prejudiced by counsel's substandard performance, i.e. there is a reasonable probability that, but for counsels errors or omissions, the outcome of the trial would have been different." *Stephenson v. State,* 864 N.E.2d 1022, 1031 (Ind.2007), *cert. denied,* 552 U.S. 1314, 128 S.Ct. 1871, 170 L.Ed.2d 751 (2008). A defendant must overcome the strongest presumption that counsel provided adequate assistance. *Id.* Counsel is afforded considerable discretion in choosing strategy and tactics, and these decisions are entitled to deferential review. *Benefield v. State,* 945 N.E.2d 791, 797 (Ind.Ct.App.2011). Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *Id.* "[T]o prevail on a claim of ineffective assistance due to the failure to object, the defendant must show an objection would have been sustained if made." *Overstreet v. State,* 877 N.E.2d 144, 155 (Ind.2007), *cert. denied,* 555 U.S. 972, 129 S.Ct. 458, 172 L.Ed.2d 331 (2008).

Houston argues that she was deprived of the effective assistance of counsel when her trial counsel failed to object to the admission of the referral and attendance records of R.H. on hearsay grounds. As Gruzinsky argues in the previous section, Houston contends that such evidence was hearsay and did not meet the definition of a business record. She therefore claims that, had her trial counsel objected to the evidence on hearsay grounds, such an objection would have been sustained, and she suffered prejudice because she would not have been convicted had the evidence been excluded. We disagree.

■ Here, at Houston's trial, the trial court admitted the referral and attendance records of R.H., which were virtually identical to the records admitted in Gruzinsky's trial, through Voss, who monitored attendance at IPS # 74. Voss established a foundation for the admission of such records by testifying that the exhibit was made with her personal knowledge of R.H.'s attendance, at or near the time of the events appearing in it, that it was made as part of the regular practice of the school, and that it was kept in the course of the school's regularly conducted business activity. *Tr.* at 9. After the State established this foundation, the trial court admitted the exhibit.

In her appellate brief, Houston alleges that the exhibit was "inadmissible hearsay for the same reasons as the documents in Gruzinsky's trial." *Appellants* Br. at 11. We therefore assume that Houston is arguing that the State did not lay a proper foundation to have the evidence admitted under the business records exception because there was insufficient evidence that Voss had personal knowledge of R.H.'s attendance. However, Voss was not required to have personal knowledge of R.H.'s attendance in order to sponsor the exhibit. She was merely required to "show that the exhibit was part of certain records kept in the routine course of busi-

ness and placed in the records by one who was authorized to do so and who had personal knowledge of the transaction represented at the time of the entry." *Rolland,* 851 N.E.2d at 1045. In her testimony, Voss established that a school secretary received information about student absences from teachers, the principal, parents and the school nurse and that the secretary then entered the information into the school's computer database. *Tr.* at 10–14. This testimony sufficiently established that the information contained in the records was placed there by someone authorized to do so and who had personal knowledge. We therefore conclude that any objection on hearsay grounds would have been overruled.

We likewise conclude that the exhibit would not have been excluded if Houston's trial counsel had objected on the basis that the records had been prepared in anticipation of litigation. As in Gruzinsky's trial, the referral records were admissible under the business records exception because McFadden was legally required to prepare them and to file them as part of the proceedings. *See In re the Adoption of M.A.S.,* 815 N.E.2d at 223. Therefore, the attendance and referral records of R.H. were admissible under the business records exception, and any objection to such evidence on hearsay grounds would not have been sustained. Because Houston cannot show that she was prejudiced by her trial counsel's failure to object, we conclude that she did not receive ineffective assistance of counsel.

Affirmed.

BAKER, J., and BROWN, J., concur.