**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 14 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PATTY GARCIA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1108-CR-831 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary Chavers, Judge Pro Tem
The Honorable Roseanne Ang, Magistrate
Cause No. 49D09-1101-JM-2788

**March 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Patty Garcia (Garcia), appeals her conviction for failure to ensure school attendance, a Class B misdemeanor, Ind. Code §§ 20-33-2-27; -44.

We affirm.

## ISSUE

Garcia raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion by admitting the student attendance record of her minor child under the business record exception to the hearsay rule.

## FACTS AND PROCEDURAL HISTORY

Garcia is the mother of seven-year-old J.G., who attended Indianapolis Public School 15. On January 3, 2011, Laurie Voss (Voss), a social worker employed by the school, completed a referral to the Marion County Prosecutor's Office for his parent's failure to ensure school attendance. The referral included an affidavit for probable cause stating that J.G. "did not attend school as required by I.C. § 20-33-2" on August 24, 25, and 26, 2010; on September 2, 3, 8, and 20, 2010; and on November 2, 2010. (State's Exh. 1, p. 6). Voss sent three letters to Garcia, alerting Garcia of J.G.'s school attendance. She sent the first letter on August 30, 2010; a second letter in which she requested a parent conference was sent on September 13, 2010; and a third letter in which she described the potential of action by the prosecutor's office was sent on October 25, 2010. In addition, Voss conducted two home visits on November 8 and December 10, 2010 respectively. During the home visit on November 8, 2010, Voss personally served

Garcia with notice of her failure to ensure J.G.'s school attendance in violation of I.C. § 20-33-2-27. Despite this personal service, J.G. failed to attend school on November 29, 2010 and December 13, 2010.

On January 4, 2011, Voss prepared a second affidavit which stated

**1**. [] I am the custodian/keeper of attendance at Thomas D. Gregg # 15, located in Indianapolis, Marion County, Indiana. As such, I have personal knowledge that this record is the original or first permanent entry, was made in the ordinary course of business, was made at or near the time of the occurrence recorded, and there is a business duty to record them.
**2**. In response to a Request/Order concerning the school attendance of [J.G.], I have made or caused to be made a thorough search of all the records available to me and the school and have made a true complete reproduction of the original records that are kept at Thomas D. Gregg # 15. The original records were made at or near the time of the matter recorded and kept in the regular course of business.
**3**. The number of pages in the [student] attendance record is 2.

(State's Exh. 1, p. 8). The student attendance record, mentioned in clause 3 of Voss' second affidavit, consists of a series of dates between August and December of 2010, indicating J.G.'s presence, absence, or partial absence from school and whether this absence was excused.

On January 24, 2011, the State filed an Information charging Garcia with failure to ensure school attendance, a Class B misdemeanor, I.C. §§ 20-33-2-27; -44. On June 26, 2011, a bench trial was conducted. At the close of the evidence, the trial court found Garcia guilty as charged. On August 11, 2011, during the sentencing hearing, the trial court sentenced Garcia to probation for 120 days with special conditions.

Garcia now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

3

Garcia contends that the trial court abused its discretion when it admitted the student attendance report as a business record, which is one of the exceptions to the hearsay rule. The trial court has broad discretion in ruling on the admissibility of evidence. *Edwards v. State*, 930 N.E.2d 48, 50 (Ind. Ct. App. 2010), *trans. denied*. We will reverse such ruling only when the trial court abuses its discretion. *Id*. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Boggs v. State*, 928 N.E.2d 855, 862 (Ind. Ct. App. 2010), *trans. denied*.

Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Generally, hearsay is not admissible unless it falls within one of the exceptions provided in the evidence rules. Evid. R. 802. One such exception is the business records exception, which provides, in pertinent part:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony or affidavit of the custodian or other qualified witness, unless the source of the information or the method or circumstance of preparation indicate a lack of trustworthiness.

Evid. R. 803(6).

Garcia maintains that because the student attendance report was a specific document generated for the single purpose of litigation and only listed the days J.G. was absent instead of his daily attendance, the report is not admissible. In response, the State

4

argues that Garcia waived her argument as she only objected at trial to the admission on the basis that Voss lacked personal knowledge of the records. Because "a mere general objection, or an objection on grounds other than those raised on appeal, is ineffective to preserve an issue for appellate review, we agree with the State that Garcia waived her claim. *Raess v. Doescher*, 883 N.E.2d 790, 796 (Ind. 2008). Nevertheless, we will address Garcia's argument on the merits.

Waiver aside, we cannot say that the trial court abused its discretion when it admitted J.G.'s attendance record. We addressed a similar issue in our recent opinion in *Houston v. State*, 957 N.E.2d 654 (Ind. Ct. App. 2011). In *Houston*, we held that a school attendance record was admissible under the business record exception because the attendance officer "was legally required to prepare them and to file them as part of the proceedings." *Id*. at 658. In support of its conclusion, the *Houston* court relied on *In re the adoption of M.A.S.*, 815 N.E.2d 216, 223 (Ind. Ct. App. 2004) where we found that a home study report was admissible as a business record over an hearsay objection in an adoption proceeding because the statute specifically provided that the report "shall be filed" and "become part of the proceedings."

Here, Voss testified that even though her job title was that of social worker, her duties included tracking the students' attendance at school and she testified to the record keeping process at the school. She stated in her second affidavit that she was the "custodian/keeper of attendance" at School 15. (State's Exh. 1, p. 8). As such, the State properly authenticated the exhibit through Voss who had a "functional understanding of

5

the record keeping process of the business with respect to the specific entry, transaction, or declaration contained in the document." *Houston*, 957 N.E.2d at 658.

Although, as in *Houston*, Voss used standard referral forms provided by the Marion County Prosecutor's Office, the forms were completed as part of the regular business of the school. Indiana Code section 20-33-2-26 (emphasis added) provides, in pertinent part:

> (a) It is the duty of each:
>
> * * *
>
> (2) attendance officer;
>
> * * *
>
> To enforce this chapter in their respective jurisdictions and to execute affidavits authorized under this section . . .
>
> * * *
>
> (b) An affidavit against a parent for a violation of this chapter *shall be prepared and filed* in the same manner and under the procedure prescribed for filing affidavits for the prosecution of public offenses.
>
> (c) An affidavit under this section *shall be filed in a court with jurisdiction* in the county in which the affected child resides.

Thus, as in *Houston*, Voss' affidavits in this case were admissible under the business record exception because she was legally required to prepare them and file them as part of the proceedings against Garcia.

However, Garcia does not object to the admission of Voss' first affidavit which was completed pursuant to I.C. § 20-33-2-16 and in which she specifically lists the dates J.G. was absent from school. Rather, Garcia objects to the attachment to Voss' second

6

affidavit which contains J.G.'s student attendance report and which Garcia claims is incomplete. Our review of the attachment indicates that the student attendance report contains the recorded daily attendance entries for August and September 2010, including attended days, excused absences, and unexcused absences. The recorded attendance entries from October through December 2010 only contain the days J.G. was absent from school. It should be noted that the State's referral form for parent's failure to ensure school attendance is based upon Garcia's absences in August and September 2010. Because the student attendance report reflected Garcia's daily attendance for these months, the trial court did not abuse its discretion by admitting the attachment.

Regardless, even if the trial court abused its discretion by admitting this two-page attachment, it is harmless error as this attachment is cumulative evidence of the dates specifically listed in the first affidavit—the affidavit for probable cause—and Voss' testimony regarding Garcia's school attendance.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly admitted J.G.'s student attendance record under the business record exception to the hearsay rule

Affirmed.


FRIEDLANDER, J. and MATHIAS, J. concur